FILED
DISTRICT COURT OF GUAM
JAN 20 2006
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

| | |
|---|---|
| ROLAND M. ABISIA,<br>    Defendant-Petitioner,<br>    vs.<br>UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent. | Criminal Case No. 96-00089<br>Civil Case No. 05-00041<br><br>**ORDER** |

Petitioner Roland M. Abisia ("Abisa") filed a petition[1] on December 27, 2005. The Court notes that it recently dismissed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 that was previously filed by Abisia.[2] Abisia now seeks habeas relief under §§ 2241, 1651 and 2255 alleging that his conviction and sentence are invalid because he was subject to ineffective assistance of counsel. Further, Abisa asserts that he was coerced into entering a plea in order to avoid his wife being prosecuted.[3]

---

[1] The petition is titled "Petition Pursuant to 28 U.S.C. § 1651 All Writs Act; 28 U.S.C. § 2255; 28 U.S.C. § 2241; Extraordinary Writs Error Coram Nobis Audita Querela" ("Petition"). In addition to said petition Abisa filed a motion entitled "Motion to Preserve Booker Claim." See Docket Nos. 62 and 63 respectively.

[2] Abisia's motion was dismissed for lack of jurisdiction due to his failure to obtain certification from the Ninth Circuit to file a second or subsequent petition under 28 U.S.C. § 2255. See Order filed July 7, 2005, Docket No. 61. The Ninth Circuit subsequently denied Abisa's request to file a second petition in this regard. See Order dated July 15, 2006.

[3] Upon review of the record in this matter the Court notes that these are the same issues that were raised in his two previous petitions for relief pursuant to 28 U.S.C. § 2255. His first petition was denied as it was untimely filed as required § 2255. See Orders filed on April 4, 2001, May 8, 2001 and July 30, 2001. Docket Nos. 51, 53 and 55 respectively. Abisa's second petition was also denied as mentioned above. See footnote 2.

**Abisa's petitions are not properly brought under 28 U.S.C. § 2241.**

A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for relief under 28 U.S.C. § 2241 unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of the prisoner's detention. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)(per curiam) (rejecting contention that § 2255 is inadequate or ineffective merely because the prisoner's 2255 motion might be second or successive). Abisa has failed to make such a contention with respect to the adequacy of § 2255. The Court finds that despite the denial of Abisa's previous petitions, § 2255 still remains an adequate and effective remedy to test the legality of Abisa's detention.

**Abisa's claims are not cognizable as a either writ of *corim nobis* or *audita querela*.**

Writs of *corim nobis* and *audita querela* are only available to the extent that they fill "gaps" in the current system of post-conviction relief. *United States v. Valdez-Pacheco* 237 F. 3d 1077 (9th Cir. 2001). Writs of *corim nobis* and *audita querela* are a valid form of collateral attack apart from and in addition to § 2255 proceedings. *See, United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247 (1954) (citing *United States v. Hayman*, 342 U.S. 205, 219, 72 S.Ct. 263, 272). However, "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* [and by extension *corim nobis*] when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies." *Valdez-Pacheco* 237 F. 3d at 1080. Writs of *corim nobis* and *audita querela* are a form of collateral review that is an extraordinary remedy to be employed by the courts "only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511. Due to the nature of the allegations and the type of relief requested, Abisia's petition is more properly brought under § 2255. Additionally the court finds that Abisa has failed provide sufficient facts that would compel the court to utilize such an extraordinary remedy in order to "achieve justice."

**Availability of claims under 28 U.S.C. § 2255.**

28 U.S.C. § 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a court. *See, United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). The Court notes that Abisa's

petition is more properly brought pursuant to 28 U.S.C. § 2255 as Abisa is attempting to attack the validity of his conviction and sentence, not its execution. Likewise, Abisa's motion pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) is also more appropriately considered a petition under § 2255. However, the instant matters constitute Abisa's third and fourth petitions for § 2255 habeas relief. Abisa has yet to receive certification from the Ninth Circuit to file a successive motion pursuant to 28 U.S.C. §§ 2244(b)(2) and 2255. As such, this Court lacks jurisdiction to consider the present petitions.[4] Accordingly, Abisa's petitions for relief pursuant to 28 U.S.C. § 2255 are hereby DISMISSED.

**SO ORDERED** this 20th day of January, 2006.

Donald W. Molloy[*]
United States District Judge

---

[4] Even if the Court had jurisdiction to consider Abisa's *Booker* claim, Abisa's case was final on November 4, 1998 when the Ninth Circuit upheld his conviction after his direct appeal. Since Abisa's claim was final when *Booker* was decided, *Booker* is applicable only if it applies retroactively to cases on collateral review. All federal courts including the Ninth Circuit Court of Appeals, addressing this same issue of retroactive application have held *Booker* does not apply retroactively to cases on collateral review. *See, United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *Green v. United States*, 397 F.3d 101 (2nd Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2nd Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *Tuttamore v. United States*, 2005 WL 234368 (N.D. Ohio, 2005). Accordingly, Abisa's *Booker* claim is without merit and must be denied.

[*] The Honorable Donald W. Molloy, United States Chief District Judge for Montana, by designation.