IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
FEB 27 2006
MARY L.M. MORAN
CLERK OF COURT

Roland Abisia

    Petitioner,

v.

United States of America

CR/96-00089
Civil:05-00041

## MOTION FOR RECONSIDERATION REQUESTING THE DISTRICT COURT TO ASSUME JURISDICTION OF PETITIONER'S MULTI-JURISDICTIONAL PETITION

Comes now the petitioner "Roland Abisia" in the above cited caption, humbly and respectfully request this most Honorable Court to reconsider it's order that was filed on January 20, 2006, and signed by United States District Court Judge the Honorable Judge Donald W. Molloy. The Court <u>dismissed</u> petitioner's petition "Styled" multi-jurisdictional pursuant to the All Writs Act 28, U.S.C. §1651; 28 U.S.C. §2255; 28 U.S.C. §2241; extraordinary writs error coram nobis/audita querela, for lack of jurisdiction.

Petitioner respectfully request this most Honorable Court to assume jurisdiction and review his claims. Moreover, Petitioner contends that his claims are "meritourous" with positive authority to support his claims. Petitioner contends that this Court must assume jurisdiction pursuant to the "All Writs Act" 28, U.S.C. §1651, for the following reasons....

(1) The SUpreme Court and all Courts established by act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law". 28 U.S.C. §1651 (a) Writs.

Petitioner Abisia has no other jurisdictional vehicle that he may utilize in order for this Court to assume jurisdicition. Therefore, he relies on the "All Writs Act" 28 U.S.C. §1651, and request this most Honorable Court to exercise it's authority and assume jurisdiction in this matter.

In the Court's <u>order</u> the Court Stated: (1) that Abisia's petitions are not properly brought under 28 U.S.C. §2241). Petitioner now concedes that he cannot show that a §2255, motion is inadequate or ineffective for him. However, the Court stated: <u>that Abisia's claims are not cognizable as either writ of Coram Nobis or Audita Querela.</u>

The Court went on to say that: <u>However, a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela and by extension coram nobis when that challenge is cognizable under §2255, because in such a case there is no "gap" to fill in the post-conviction remedy</u>.

The Court cites <u>Valdez-Pacheco,</u> 237 F. 3d. at 1080. Petitioner contends that this case is totally irrelevant to the issue at hand. Although petitioner's challenge to his conviction and sentence are cognizable under §2255 petitioner is unable to utilize §2255 because he has already utilize §2255 in the past in this court that was denied.

2

Case 1:96-cr-00089   Document 68   Filed 02/27/2006   Page 2 of 12

The Court on page (3) of the Court's order states that Mr. Abisia has yet to receive certification from the Ninth Circuit to file second successive motion pursuant to 28 U.S.C. §2244, (b) and §2255".) Petitioner contends that the filing of a petition pursuant to 28 U.S.C. §2244(b) and §2255 would be meritless, and a waste of time because 28 U.S.C. 2244(b) and §2255, second and successive is only for "newly discovered evidence" or a "new rule of law". Petitioner contends that he would not prevail because he does not meet the criteria for "second succesive" in order that this court may assume jurisdiction in this matter.

Neither one of Abisia's claims are based on "Newly Discoverd Evidence" or a "New Rule of Law". On page (2) of this Court's order the court said: (To challenge a sentence or conviction by way of writ of coram nobis or audita querela in such a case, there is no "gap" to fill in the post-conviction remedies.)

Abisia contends that there is a "gap" because he has no other jurisdictional vehicle to utilize for this court to assume jurisdiction, but the "All Writs Act" 28 U.S.C. §1651, extraordinary writs of coram nobis/audita querela. Abisia has provided sufficient facts to compel this court to utilize these extraordinary remedies in order to "achieve justice".

## CORAM NOBIS:

## CURRENT INCARCERATION NOT BAR TO CORAM NOBIS RELIEF:

Abisia acknowledges that writ of error coram nobis is generally reserved for sentences which have been previously served but asserts that coram nobis remedy is not barred from being...

utilized by a prisoner who is still serving the sentence which is being attacked. "Furthermore, coram nobis, normally lies only when to petitioner is no longer in federal custody...and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate " As is the case of Abisia. "Coram nobis jurisdiction is therefore available only when the error alleged is of the most "fundamental character", and when no other statutory remedy is available or adequate". United States v. Russell, 776 F. 2d. 955, 957 n. 1 (11th Cir. 1985).

At bar, Coram nobis is Abisia's last resort. "The Writ of error coram nobis is a remedy of last resort, compelling such action to achieve justice". See United States v. Morgan, 346 U.S. 582 511, 74 S. Ct. 247, 252, 98 Led. 248 (1954). Also see Correa-Negron, v. United States, 473 F. 2d. 684, at 685 (5th Cir. 1973).

Abisia asserts jurisdiction under coram nobis should the Court deem any other jurisdictions in which to entertain his petition improper, and therefore, making other statutory remedies unavailable. "To warrant coram nobis relief petitioner must establish that (1), A more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, and (4) the error is of fundamental character". Matus-Leva v. U.S. 287 F. 3d. 758 (9th Cir. 2002); Hirabayashi v. United States, 828 F. 2d. 591, 604 (9th Cir. 1987).

At bar, Abisia has met all four prongs (1) he has no other avalible remedy in the bringing of his claims except via Coram Nobis. (2) Because of ineffective assistance of counsel Abisia...

was unable to raise certain claims that he has now raised in this multi-jurisdictional petition (3) Abisia's constitutional rights have been violated and the government breach the contract, because of the breach Abisia received 30-years instead of the 10-years agreed upon between he and the government in a signed plea agreement, and more-importantly after his substantial assistance (4) the error's are of fundamental character which Abisia has argued in his petition. Therefore, this Court must assume jurisdiction and grant Abisia the relief requested in his petition.

"We note that 28 U.S.C. §2255 is not a bar to this motion, in spite of the fact that the defendants are currently in custody. See, 346 U.S. at 511, 74 S. Ct. at 252-53." (Morgan); U.S. v. Dawes, 895, F 2d. 1581, at 1582 (10th Cir. 1990). Abisia's claims of ineffective assistance of counsel are cognizable under coram nobis and he is entitled to relief.

"The remedy of coram nobis "should issue to correct errors which result in a complete miscarriage of justice". Id. citing, Morgan, 346 U.S. at 512, 74 S. Ct. at 253). In United States v. Drobny, 955 F. 2d. 990, 996 (5th Cir. 1992), we noted that the standard for coram nobis relief was more "demanding" than the cause and prejudice standard for habeas corpus relief under 28 U.S.C. §2255.

Without setting a more specific standard for coram nobis relief, we stated that, Under Morgan, if Drobny could prevail on his ineffective assistance of counsel claim, he would be entitled to relief even under the rigorous standard of coram nobis. Abisia maintains that the remedy of coram nobis is avalible to him should the Court find no other remedy is available to correct the ...

serious miscarriage of justice which has occurred in Abisia's conviction/sentencing.

### AUDITA QUERELA:    JURISDICTION & VENUE

"The writ of audita querela as applied to civil judgements was expressly abolished by amendments to Fed. R. Civ. P. 60(b), effective in 1948. However, because the Supreme Court in <u>United, States v. Morgan,</u> 346 U.S. 502, 74 S. Ct. 247, 98 Led. 248 (1954) held that writ of coram nobis was still available in criminal proceedings, it is likely that rule 60(b) did not abolish the writ of audita querela to the extent it might otherwise have been available to attack a criminal conviction....for present purposes we assume, without deciding, that in some set of circumstances audita querela might appropriately afford post-conviction relief to a criminal defendant." <u>U.S. v. Reyes</u>, 945 F. 2d. 862, at 865 (5th, Cir. 1991).

"The First Circuit, in <u>Holder</u>, stated: "We agree with the <u>Ayala</u>, and Garcia-Hernandez courts that, if available at all, the writ of audita querela can only be available where there is a laegal objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy". <u>Holder,</u> supra, 936 F 2d. at 5. ",<u>Id.</u> at 866 Reyes,.

In light of all Abisia has presented in this motion for reconsideration under coram nobis, and the above jurisdiction and venue would seem to be the same as coram nobis. Abisia would have received a lesser sentence had the defense he now presents to correct his unconstitutional sentence had been brought to this court's attention at the time the judgement was rendered, and therefore, this court can assume lawful jurisdiction under...

28 U.S.C. 1651(a) writ of audita querela. The court would certainly not have given Abisia an unconstitutional sentence had Abisia been able to present to this court his issues.

**NO OTHER REMEDY AVAILABLE:**

Abisia may very well find himself in a situation that he is unable to address his unconstitutional issues through the otherwise normally available post-conviction remedies. Should this court decide that all of the other normally available forms of post-conviction remedy are unavailable, then in the interests of justice this court must assume jurisdiction under writ of audita querela to correct Abisia's unconstitutional sentence. See Holder, 936 F. 2d. at 5.

Because the court has decided that Abisia cannot be granted relief through §2241 or §2255, and because Abisia does not fit the criteria for second successive, then relief "should be granted through a common law writ under 28 U.S.C. §1651(a), which would include audita querela. The U.S. Supreme Court has held, "The Court rejected the contention that 28 U.S.C. §2255, which affords collateral relief to federal prisoners, furnishes the exclusive federal postconviction remedy. See 346 U.S. at 510-11, 74 S. St. at 252.

The teaching of Morgan, is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remdies available at common law." U.S. v. Ayala, 894, F. 2d. 425, at 428 (D.C. Cir. 1990). Thus, according to the D.C. Circuit COurt of Appeals interpretation of the Suprem Court Abisia absent other remedy, is entitled to relief under...

writ of audita querela, in order to correct the miscarriage of justice which has occurred by Abisia having been given an unconstitutional sentence in an unconstitutional manner. This must be corrected, even if jurisdiction is assumed under the common law writ of audita querela.

"Drawing on Morgan, the court assumed that relief could be afforded under audita querela "if a criminal defendant could show that such relief...was necessary to plug a gap in the system of federal postconviction remedies." Id. at 869. U.S. v. Ayala, 894, F. 2d. 425, at 428 (D.C. Cir. 1990).

"The only circumstance, if any, in which the writ could furnish a basis for vacating a criminal conviction would be if the defendant raised a legal objection not cognizable under the existing scheme of federal postconviction remedies." Id. at 426, Ayala.

## REMEDY UNDER 28 U.S.C. §1651(a), AS DEFINED BY THE UNITED STATES SUPREME COURT:

"In criminal cases, the writ of coram nobis itself remains available whenever resort to a more usual remedy would be inappropriate. See United States v. Morgan, 346 U.S. 502, 98 L.E.D. , 248, 74 S. Ct. 247 (1954).

Audita Querela and coram nobis having been determine to have similar jurisdictional natures allows the court to assume jurisdiction under audita querela. Abisia has shown that relief could be afforded under audita querela, being there is no other remedy relief is necessary in order to "plug" the gap in the system of postconviction remedies.

In Sustache-Rivera v. U.S., 221 F. 3d. 8, at 17 (1st Cir., 200), the government argues that while it may seem unfair to de..

ny Sustache a chance to present his claim through some form of postconviction petition, it does not matter because he does not present even a pluasible claim of cause and prejudice". Id. at Sustache-R. 17. No matter what form of postconviction remedy this court chooses to apply, Abisia has met the standard overwhelmingly. And as has been previously presented, coram nobis/ audita querela under 28 U.S.C. §1651(a) are synonymous in nature to §2255 in the requirements pertaining to their respective jurisdictional elements.

## SUMMARY AND CONCLUSION IN SUPPORT OF JURISDICTION:

Abisia has documented a set of facts that indisputably support his claim to have been given an unconstitutional sentence in an unconstitutional manner. Further, Abisia has set forth multiple jurisdictional options for this Court's consideration in assuming jurisdiction to entertain his petition. The court must assume at least one of the following jurisdictional remedies. Abisia has shown that any one of which could be construded as being applicable: **28 U.S.C. §1651(a) All Writs Act, Extraordinary Writ-Coram, Nobis-Audita Querela.**

This Court in re-jecting juriisdiction through §2241,(savings Clause) §2255, and being that Abisia does not fit the criteria for second successive "<u>invokes</u>" jurisdiction under **§1651(a) Extraordinary Writs-Coram Nobis-Audita Querela,** as any other remedies being unavailable. Failure to assume one of these jurisdictional remedies will in effect suspend the Great Writ of Habeas Corpus in direct violation of the United States Constitution.

In denying a §2255, motion Circuit Judge Hamilton of the F fykr "ny'fnk Court of Appeals stated, "I concur in the judgement of the court. I write further only to note that Vial has...

not requested relief by way of habeas corpus under 28 U.S.C. §2241, or by way of an extraordinary writ under the All Writs Act, 28 U.S.C. §1651." In Re Vial, 115 F. 3d. 1192, at 1198 (4th Cir. 1997). Abisia has requested relief through all remedies known to him after his extensive, diligent legal research. Abisia invites this C rt to assume jurisdiction through any other remedy known to the court, but unbeknownst to himself.

In assuming jurisdiction the Court should consider, with some degree of foresight, the methods available to correct Abisia unconstitutional sentence, and breach of plea-agreement on the governments part. The Court should simply "VACATE" Abisia sentence and resentence him to 10-years which was agreed upon within a signed plea agreement between he and the government.

"It is appropriate to dismiss a pro se's action only if it is "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."Id. Quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 2 Led. 2d. 80 (1957)." Akao v. Shimoda, 832 F. 2d. 119, at 120 9th Cir., 1987)....it is imperative that a fair opportunity for collateral relief be afforded. An applicant for such relief ought not to be held to the niceties of lawyer's pleadings or be cursorily dismissed because his claim seems unlikely to prove meritourous.

That his application is vexatious or repetitious, or that his claim lacks any substance, must be fairly demonstrated." See Sanders v. United States, 373 U.S. 1, at 22 83 S. Ct. 1068, 10 Led. 2d. 148, at 165 (1963). In the name of the interests of justice this Court should assume jurisdiction over Abisia's...

petition and grant him the relief requested therein. The original petition that this court "dismissed" are labeled as though they sought a common law writ of error coram nobis but the notice of the motion indicates that an order voiding the judgement is sought. Abisia 'Respectfully begs" this most Honorable Court to at least read his memorandum of law and assume jurisdiction over this matter."

In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief". See, United States v. Morgan, 346 U.S. 502, at 505, 74 S. Ct. 247, at 249, 98 Led. 248 (1954). Moreover, Abisia has not just received an "unconstitutional sentence but an "illegal sentence" as well and justice requires that such a sentence be corrected. And furthermore, such illegal sentence may be corrected at any time. [T]he question of an unlawful sentence is never barred". See, Whitmore v. Arkansas, 495 U.S. 149, at 179 FN 7, 110 S. Ct. 1717, 109 Led. 2d. 135, at 160 FN 7 (1990), citing Rosenberg v. U.S. 346 U.S. 273, at 312, 97 Led. 1607, 73 S. Ct. 1152 (1953).

Therefore, in light of all the facts, documentation, and relevant law presented in his original multi-jurisdictional petition for postconviction relief the court must assume jurisdiction over the petition.

Respectfully Submitted,

Roland Abisia #01292-093
Federal Correctional Institution
1900 Simler Avenue
Big Spring Texas 79720
Sunrise Unit

## CERTIFICATE OF SERVICE

I hereby Certify and declare that a true and accurate copy of the foregoing motion for reconsideration was mailed first Class mail on this ___14___ day of ___February___ 2006 to the A.U.S.A. at United States D strict Court of Guam 4th Floor U.S. Courthouse 520 West Soledad Avenue Hagatna Guam 96910, Suite 500 Sirena Plaza 108 Hernan Cortez Avenue Hagatna Guam 96910

*[signature]*