IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM:

| | |
|---|---|
| ROLANDO M. ABISIA, | CASE NO. 01292-093 |
| PETITIONER, | |
| -VS- | MOTION SEEKING A REDUCTION IN SENTENCE TITLE 18 U.S.C. § 3582(c)(2) & REQUEST FOR APPOINTMENT OF COUNSEL: |
| UNITED STATES OF AMERICA | |
| RESPONDENTS. | |

Comes now Rolando M. Abisia, (herein after petitioner) in his own behalf pursuant to Title 18 U.S.C. § 3582(c)(2), as well as Title 18 U.S.C. § 3553(a), as well as UNITED STATES SENTENCING GUIDELINES (USSG) Amendment # 782, as well as a Request for appointment of Counsel. Invoking any and all applicable Court Rules, Laws, Statutes, and Codes, which may govern this said action and states as follows:

## STATEMENT OF CASE:

Petitioner was indicted in and for the District of Guam for a statutory violation of Title 21 U.S.C. § 841(a)(1) and § 846. Subsequent the indictment petitioner was sentenced to a 360 month term of imprisonment. This action follows:

## AMENDMENT #782 INTENT AND PURPOSE:

Petitioner submits that on or about April 30, 2014, the United States Sentencing Commission (herein after USSC) proposed to Congress an Amendment subsequently designated Amendment # 782, to the USSG, to reflect the USSC initiative to reduce the severity associated with drug trafficking penalties as found in the USSG § 2D1.1 Table. Specifically 782 reduces by two levels drug trafficking offenses in the drug quantity table. Subsequent the proposal

the USSC made Amendment # 782 retroactive applicable to November 1, 2014. Amendment # 782 intent is to revise the guidelines to reflect a departure from the rigid severity the table (drug quantity table) produces especially over the last two decades. The changes will reflect the USSC intent in how the base offense levels of §2D1.1 are applied.

Specifically the Amendment is design to reduce by two levels the offense level assigned to the quantities that trigger the USSG ranges pursuant to §2D1.1 in the drug quantity table.

The Anti-Drug Abuse Act of 1986 (herein after ADAA-1986) establishes the basic framework of statutory penalties currently applicable to federal drug trafficking offenses. Amendment # 782 changes how the base offense levels in the drug quantity table incorporate the statutory mandatory minimum penalties. SE: 28 U.S.C. §994(o), Title 18 U.S.C. § 3353(a); 18 U.S.C. § 3582(c)(2); USSG § 1B1.10; 28 U.S.C. : 994(u). As previously alluded the intent and purpose is tied to the sentencing Reform Act of (1984)(herein after SRA-1984), which was also designed to institute uniformity in sentencing over the last two decades.

In applying these Amendments such as #782, the court may look to Title 18 U.S.C. § 3553(a), in fashioning a just and sufficient sentence as contemplated by the USSC and Congress.

## ELIGIBILITY

Petitioner submits that he is eligible for the 2-level reduction based upon the criteria utilized to determine eligibility.

As aforemention petitioner was sentenced 360 months of incarceration. The district court Judge who imposed the sentence did so by using the drug quantity table which implicates this action. Petitioner current sentence is

(2)

predicated upon the Criminal history category (CHC)___I___, and base offense level(BOL)___41___.

Section § 3582 (c)(2) was enacted as part of the SRA-1984, permitting eligible defendants like the petitioner a opportunity to seek a reduction in a sentence derived from a perception that the current application of §2D1.1 resulted in disparate treatment amongst defendant's who are similarly situated.

Despite the acknowledgement that the table has produced flawed results Petitioner has taken full advantage of the educational and vocational courses provided in the Bureau of Prisons (BOP).

Despite working in ¶Unicor prison industries during his lengthy incarceration, petitioner also participates in the "life skill's program" which is a prison religious group which provides mentoring, fellowship, which is design to permit inmates from different backgrounds the opportunity to explore different diverse cultures which is becoming America. In light of petitioner extensive amount of incarceration already served he has maintained a high level of participation in developmental programs which is structured with assisting long term serving inmates the skills needed to assist with their potential re-entry.

As previously asserted petitioner's criminal history is minimal thus supports the petitioner's request for consideration of the 2-level reduction.

Petitioner has accepted his role in the offense, despite being saddled with a sentence which was in fact reserved for international drug trafficker's and or drug king pins, both in which the petitioner is not!

Amendment # 782 is design to reduce these overly harsh sentences imposed upon small time drug dealers, as they have been cited as not producing the results in which they were intended.

(3)

Federal prisons are overburden due to the overuse of the drug quantity table. This over-use of the sentencing schemes has become a 80 Billion dollar burden for the Taxpayer's of this country.

Voter's have also expressed their concerns over the continued use of these harsh sentences when the statutes have available alternative schemes of punishment which does not require 10,20,30 years in prison for non-violent offenses.

The intent in the Amendment is to bring back uniformity, in the practice of federal sentencing. To ensure that defendant's like the petitioner who are eligible for the reduction are considered so as to avoid unwarranted sentencing disparities.

The Department of Justice has also moved away from targeting low-level drug dealers as it has become increasingly clear by the data, that minorities are being unfairly treated by the practice in which all concerned have denounced. In no way is the petitioner attempting to say that crime should not be punished, as previously alluded petitioner accepted his role in the offense. Yet when Congress intended through the SRA-1984 to target drug traffickers international/drug king pins , Congress did not have petitioner in mind to serve a sentence of 360 months. Petitioner is no more than a low level street dealer.

Disparity by and through the application of the guidelines, undermines the intent and purpose of the SRA-1984. Because commentator's have ignored the root cause of disparity, the problem has been overlooked for decades. The USSC and Congress through repeated calls by Taxpayers and Voters have become more conscious as to the root cause of this issue. Slowly but surely this cancer is being eradicated by time itself, and or through the use of voters. The inequality associated with the practice has had a contrary affect upon

(4)

perception sought by the Judicial system here in America. Despite the illusion sought to be created Countries around the World realize that America dirty laundry is no different than anywhere else in the World. The USSC and Congress have made small incremental steps in trying to remedy this problem. In the Case of Amendment # 782 by reducing petitioner's sentence who has suffered a extremely harsh term of imprisonment, this court is now able to act to reduce the punishment and apply a more just and sufficient sentence consistent with the intent and purpose of § 3553(a).

Thus petitioner submits that § 3582(c)(2) in conjunction with Amendment #782 and §3553(a), permits the district court Judge to revisit upon a motion from the petitioner a sentence previously imposed.

As previously alluded Amendment # 782 seeks to reduce in circumstances as the one presented herein sentences, whereas the drug quantity table at § 2D1.1 establishes greater sentences than those envision by the SRA-1984.

In seeking the reduction petitioner asserts that he understands the need of the court to impose a sentence which reflects the seriousness of the offense, while also promoting respect for the law.

To provide just punishment, while according adequate deterrence from any future criminal conduct. Petitioner history and characteristic support that he is eligible for the reduction, and does not pose a threat to the public.

Amendment # 782 is a viable alternative in the concept of federal sentencing for non-violent offenders, and in considering eligible candidates for the reduction reduces the population of Federal prisons. In light of recent evidence that harsh lengthy sentences does not reduce crime, does not promote respect for the law, and undermines the fairness in which the all Citizens of this Country at one time was guaranteed. Contrary to that perception, the only people benefit from these harsh draconian sentences is the people who work in prison systems.

(5)

Petitioner also request that in a abundance of caution that the court appoint counsel to represent the petitioner in any and all future aspects of this proceeding for good cause shown:

Wherefore, petitioner respectfully prays that this court grant this motion by 2-levels consistent with Amendment # 782 and or in the alternative appoint counsel to assist petitioner in any and all future aspects of this proceeding for good cause shown:

DATED THIS 17th day of December 2014.

RESPECTFULLY SUBMITTED,

ROLANDO M. ABISIA
#01292-093
FCC/BEAUMONT-LOW
P.O. BOX 26020
BEAUMONT, TEXAS, 77720-6020

CERTIFICATE OF SERVICE:

I, Rolando M. Abisia, declare under the penalty of perjury, that I placed a copy of a motion styled § 3582(c)(2) addressed to the Clerk of the Court for the District of Guam, with a additional copy addressed to the United States Attorney's office for the District of Guam, by placing the aforemention documents in the institutional mailing system on or about December 17, 2014 postage pre-paid.

C. FILE
AUSA

ROLANDO M. ABISIA



NORTH HOUSTON TX 773
22 DEC 2014 PM 4 L

ROLANDO M. ABISIA
#01292-093
FCC/BEAUMONT-LOW
P.O. BOX 26020
BEAUMONT, TEXAS, 77720-6020

RECEIVED
DEC 29 2014
DISTRICT COURT OF GUAM
HAGÅTÑA, GUAM

12/14/14

LEGAL MAIL

⇨ 01292-093 ⇦
- Us Court Clerk
Clerk of the US Court
520 W Soledad AVE
4th Floor
Hagatna, GU 96910
United States